# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT LAIRD,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX SUPPLY CHAIN,<br><br>    Defendant. | Civil Action No. 1:19-CV-00068-JEJ<br><br>(Judge John E. Jones, III) |

## ANSWER TO COMPLAINT AND ADDITIONAL DEFENSES

Defendant FedEx Supply Chain ("Defendant" or "FSC"), by and through its undersigned counsel, answers and asserts its additional defenses to the Complaint of Plaintiff, Scott Laird ("Plaintiff" or "Laird"). Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## THE PARTIES

1. Defendant admits that Plaintiff is an adult individual. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 1 and therefore denies same.

2. Admitted.

3. Admitted.

## JURISDICTION AND VENUE

4. The averments in Paragraph 4 are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that

Plaintiff initiated this action against it to seek redress for purported USERRA violations. Defendant denies the remaining averments contained in Paragraph 4.

5. The averments in Paragraph 5 are conclusions of law regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits only that this Court has jurisdiction over it.

6. The averments in Paragraph 6 are conclusions of law regarding venue to which no response is required. To the extent a response is required, Defendant admits only that venue in the Middle District of Pennsylvania is appropriate. Defendant denies the remaining averments contained in Paragraph 6.

## STATEMENT OF FACTS

7. Defendant admits that Laird works for FSC. By way of further response, FSC hired Plaintiff on October 15, 2014. Defendant denies the remaining averments contained in Paragraph 7.

8. Admitted.

9. Denied.

10. Defendant admits that Plaintiff's supervisor was Raj Sharma. Defendant denies the remaining averments contained in Paragraph 10.

11. Denied.

12. Defendant denies that Ms. Sharma made negative comments regarding Mr. Laird's leave. Defendant lacks knowledge or information sufficient

to form a belief as to the truth of the remaining averments contained in Paragraph 12 and therefore denies same.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 13 and therefore denies same.

14. Denied.

15. Defendant admits that Plaintiff raised a complaint to the Human Resources Department. Defendant denies the remaining averments contained in Paragraph 15.

16. Denied.

17. Defendant admits that Ms. Sharma made a statement to Plaintiff regarding him manipulating his use of vacation time. Defendant denies the remaining averments contained in Paragraph 17.

18. Denied.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in Paragraph 19 and therefore denies same.

20. Defendant admits that, on or about November 13, 2017, Plaintiff requested to attend voluntary training with the National Guard to begin on

November 20, 2017. Defendant denies the remaining averments contained in Paragraph 20.

21. Denied.

22. Denied.

23. Defendant admits that Defendant approved Plaintiff's requested leave. Defendant denies the remaining averments contained in Paragraph 23.

24. The averments in Paragraph 24 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

25. The averments in Paragraph 25 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

26. Admitted.

27. Admitted.

28. Defendant admits that Plaintiff was provided differential pay when he was deployed and when he was at training. Defendant denies the remaining averments contained in Paragraph 28.

29. Denied.

30. Denied.

31. Denied.

## COUNT I

## USERRA VIOLATIONS

32. Paragraphs 1 through 31 of this Answer are incorporated by reference as though set forth in full.

33. The averments in Paragraph 33 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

34. The averments in Paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

35. The averments in Paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

36. The averments in Paragraph 36 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

37. Denied.

38. Denied.

39. Denied.

40. The averments in Paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, Defendant denies those averments.

41. Denied.

## PRAYER FOR RELIEF

Plaintiff's prayer for relief does not constitute assertions of fact to which responses are required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief or remedies.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert any and all applicable defenses to Plaintiff's claims. Defendant has not yet obtained all necessary discovery from Plaintiff or others in connection with this action, and therefore reserves the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in its answer or assuming any burden of proof that it would not otherwise bear, Defendant states as follows:

1. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

2. Defendant's actions regarding Plaintiff were, at all times, taken for legitimate, non-discriminatory and non-retaliatory reasons.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. Plaintiff cannot prove *prima facie* cases under his claims.

5. Even if Defendant had been motivated by Plaintiff's protected status or alleged protected activity in taking adverse action against him, which Defendant denies, Defendant would have taken the same actions with regard to Plaintiff's employment.

6. Defendant, at all times, acted reasonably and in good faith.

7. Defendant denies that Plaintiff has been damaged or harmed in any way, including, but not limited to, as a consequence of any alleged violation of federal law because Defendant denies that it has engaged in any violation of a provision of federal law governing its relationship with Plaintiff.

8. Any alleged unlawful acts by Defendant's managing agents would have been contrary to Defendant's good faith efforts to comply with the law. Defendant maintains strictly enforced policies prohibiting discrimination against employees on the basis of any protected status or protected activity. Any alleged unlawful conduct taken against Plaintiff would have been in violation of such policies and would have been taken without Defendant's knowledge or consent.

9. Defendant did not engage in any willful misconduct.

10. Plaintiff's Complaint fails to state a claim for damages, including monetary damages, compensatory damages, liquidated damages, equitable relief or any other relief, including attorneys' fees and costs.

11. Plaintiff is not entitled to recover any damages against Defendant, including, but not limited to, nominal damages, compensatory damages, liquidated damages, employment or retirement benefits, attorneys' fees, interest, other legal expenses or costs.

WHEREFORE, Defendant FedEx Supply Chain, Inc. respectfully requests that Plaintiff's Complaint be dismissed with prejudice, as it fails to state a claim upon which relief may be granted; that judgment be entered in its favor and against Plaintiff; and that the Court award such other relief as it deems appropriate.

Respectfully submitted,

*/s/ Emilie R. Hammerstein*
Emilie R. Hammerstein (PA #307499)
 ehammerstein@littler.com
Jill M. Weimer (PA #207509)
*Admitted Pro Hac Vice*
 jweimer@littler.com
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
412.201.7631
412.774.3756 (fax)

Attorneys for Defendant
FedEx Supply Chain Inc.

Date:  March 15, 2019

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2019, a copy of **Answer to Complaint** was filed using the Middle District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

> Stephen P. Gunther
> Steve T. Mahan, Jr.
> Derrek W. Cummings
> Larry A. Weisberg
> **McCarthy Weisberg Cummings**
> 2704 Commerce Drive, Suite 102
> Harrisburg, PA 17110
> sgunther@mwcfirm.com
> smahan@weisbergcummings.com
> dcummings@weisbergcummings.com
> lweisberg@weisbergcummings.com

>> */s/ Emilie R. Hammerstein*
>> Emilie R. Hammerstein

FIRMWIDE:161866371.1 096942.1006